```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

ANDY MEDAS-KING,

                    Plaintiff,              MEMORANDUM & ORDER
                                             21-CV-6424(EK)(MMH)
          -against-

OCEAN BREEZE ATHLETIC COMPLEX, THE
ARMORY TRACK & FIELD CENTER, OFFICE
OF THE MAYOR CITY HALL, et al.,

                    Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Andy Medas-King, proceeding *pro se*, filed this action on November 12, 2021 against Ocean Breeze Athletic Complex, the Armory Track & Field Center, and Park Slope Armory YMCA, as well as the Office of the Mayor of New York City. Medas-King challenges a New York City policy, instituted during the COVID-19 pandemic, requiring individuals to show proof of vaccination status before entering athletic venues. The Complaint purports to assert claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and under 42 U.S.C. § 1983.

Medas-King's application to proceed *in forma pauperis* is granted solely for the purpose of this order, but his complaint is dismissed without prejudice, as set forth below.

## I. Background

Medas-King's Complaint indicates that he seeks to bring *Bivens* and Section 1983 claims against each Defendant. He alleges that New York City's policy of requiring individuals to show proof of Covid-19 vaccination status before entering indoor athletic venues violates his First Amendment rights to religious expression, speech, and assembly. Compl. 4, ECF No. 1. The complaint states, among other things, that the mandatory vaccination policy is preventing him from supervising his daughter at such events. *Id.* at 5. He seeks "the ability to enter the building" during such events. *Id.* at 6.

## II. Legal Standards

Under 28 U.S.C. § 1915(e)(2)(B), a court may dismiss an *in forma pauperis* action if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Additionally, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416-17 (2d Cir. 2015) (district court may dismiss an action for lack of subject-matter

jurisdiction pursuant to Rule 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it").[1]

### III. Discussion

As an initial matter, Medas-King's *Bivens* claims fail because none of the Defendants are federal officials, nor does Medas-King allege that any Defendant has acted under color of federal law. *See Bivens*, 403 U.S. at 397; *see also Shapiro v. Cmty. First Servs., Inc.*, No. 11-CV-4061, 2014 WL 1276479, at *7 (E.D.N.Y. Mar. 27, 2014) ("A *Bivens* claim may only be brought against federal officials or individuals who have acted under color of federal law.").

Similarly, Medas-King's Section 1983 claims against the athletic facilities must be dismissed because they are not state actors, and nowhere does Medas-King allege that any of those facilities has engaged in "private behavior" that bears "such a close nexus between the State and the challenged action" that it "may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001).

Finally, Medas-King's Section 1983 claim against the Mayor of New York must be dismissed as moot, to the extent he is

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

3

seeking injunctive relief.[2]  Medas-King does not specifically identify the policy that he challenges, but his complaint appears to refer to Emergency Executive Order 225.  *See Polo v. City of New York*, No. 12-CV-3742, 2013 WL 5241671, at *1 (E.D.N.Y. Sept. 17, 2013) (taking judicial notice of a municipal law).

Order 225 required indoor entertainment, recreation, dining, and fitness facilities to deny entry to patrons and employees unless the individual displayed proof of Covid-19 vaccination.  *See* Office of the Mayor, City of New York, Emergency Executive Order 225, Key to NYC: Requiring COVID-19 Vaccination for Indoor Entertainment, Recreation, Dining and Fitness Settings (Aug. 16, 2021), https://www1.nyc.gov/office-of-the-mayor/news/225-001/emergency-executive-order-225.

However, on February 27, 2022, Mayor Eric Adams lifted that order effective March 7, 2022.  *See* Office of the Mayor, City of New York, Mayor Adams' Statement on Mask Mandates in Schools, Vaccine Mandates Across NYC (Feb. 27, 2022), https://www1.nyc.gov/office-of-the-mayor/news/096-22/mayor-adams-on-mask-mandates-schools-vaccine-mandates-across-N.Y.C.

---

[2] Medas-King does not allege that he is entitled to monetary damages from New York City as a result of Emergency Executive Order 225, at least not in a manner that satisfies the pleading requirements of the Federal Rules of Civil Procedure.  *See* Compl. 4; *see also* Fed. R. Civ. P. 8(a)(2) (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

Federal courts "lack jurisdiction to review an appeal that is moot." *Reale v. Lamont*, No. 20-3707-CV, 2022 WL 175489, at *1 (2d Cir. Jan. 20, 2022). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Tann v. Bennett*, 807 F.3d 51, 52 (2d Cir. 2015). Because Order 225 has been rescinded, any claim premised on it is now moot. *See, e.g.*, *Chrysafis v. Marks*, 15 F.4th 208, 213 (2d Cir. 2021) ("Constitutional challenges to statutes are routinely found moot when a statute is amended."); *Lamar Advert. of Penn, LLC v. Town of Orchard Park, New York*, 356 F.3d 365, 377 (2d Cir. 2004) ("[W]e are hesitant to hold that a significant amendment or repeal of a challenged provision that obviates the plaintiff's claims does not moot a litigation, absent evidence that the defendant intends to reinstate the challenged statute after the litigation is dismissed, or that the municipality itself does not believe that the amendment renders the case moot.").

### IV.  Conclusion

For these reasons, Medas-King's Complaint is dismissed for lack of subject-matter jurisdiction. The Clerk of Court is directed to enter judgment and to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this order to Medas-King and note the mailing on the docket.

        SO ORDERED.

                                           /s/ Eric Komitee
                                       ERIC KOMITEE
                                       United States District Judge

Dated:     July 30, 2022
            Brooklyn, New York